MATTHEW MANNISTO - 10354
4265A Halenani Street
Lihue, Hawaii 96766
Tel: (808) 245-2891
Matt@MannistoLaw.com

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF HAWAII

| | |
|---|---|
| JARED RAYMOND,<br><br>   -against-<br><br>CLIFFS CLUB INTERVAL OWNERS ASSOCIATION D/B/A THE CLIFFS AT PRINCEVILLE. | **Complaint; Exhibits "1"-"2;" Jury Demand**<br><br>Case No. 1:20-cv-556<br><br>Jury Trial Demanded |

## I.    Parties

### A.    The Plaintiff

1. JARED RAYMOND ("Plaintiff") is and was a resident of Kauai in the State of Hawaii at all times relevant to the acts, omissions, and occurrences described herein. He is a former employee of Defendant CLIFFS CLUB INTERVAL OWNERS ASSOCIATION D/B/A THE CLIFFS AT PRINCEVILLE.

### B.    The Defendant

2. CLIFFS CLUB INTERVAL OWNERS ASSOCIATION, an organization doing business as THE CLIFFS AT PRINCEVILLE. CLIFFS CLUB INTERVAL OWNERS ASSOCIATION ("Defendant"), is a Hawaii Domestic Nonprofit Corporation incorporated in the State of Hawaii.

### C.    Place of Employment

3. Plaintiff was employed by the defendant is 3811 Edward Road in Princeville, Hawaii, in the County and Island of Kauai.

## II.    Jurisdiction and Venue

4. This action is brought for discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17.

5. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Hawaii.

### III. Nature of Action

6. Plaintiff complains in this action of actionable discrimination arising from illegal termination of employment, hostile work environment, unequal terms and conditions of employment, and retaliation.

7. It is Plaintiff's best recollection that the alleged discriminatory acts occurred continuously from the date of hiring in April of 2016 until retaliatory termination in September of 2017.

8. In April of 2016, Defendant hired Plaintiff as a project manager.

9. From April of 2016 until September of 2017, Defendant's human resource manager, Hasina Mitchell, continuously sexually and verbally harassed Plaintiff.

10. When Plaintiff raised the issue in January of 2018 with Defendant's general manager, Jim Braman, Plaintiff was immediately presented with a notice of discipline for misconduct that was unwarranted and/or without basis in fact.

11. Plaintiff was then terminated for dubious and doubtful budgetary reasons after the Defendant conducted a one-sided and disingenuous investigation into Plaintiff's sexual harassment.

### IV. General Allegations

12. Continuously from approximately April of 2016 until September of 2017, Hasina Mitchell made thinly-veiled advances toward Plaintiff, engaged and attempted to engage Plaintiff in deeply personal discussions about her life, and

isolated Plaintiff, often in closed-door meetings in his own office, so that she and him were alone to discuss inappropriate things.

13. Such inappropriate topics included her husband's suspected infidelity.

14. On one occasion in July of 2017, Hasina Mitchell smiled and giggled while she forced Plaintiff to take off his shirt while the two of them were alone in an office.

15. On another occasion in July of 2017, Hasina Mitchell smacked Plaintiff's buttocks without his consent while he was at work.

16. Hasina Mitchell repeatedly forced Plaintiff to go to private lunches with her, during work days and working hours, where she would require or pressure him to drink alcohol with her.

17. During one of these lunches in May of 2017, she remarked to Plaintiff that it was "like she was dating someone her son's age."

18. Plaintiff did not reciprocate these advances, nor did he consent to them.

19. By virtue Hasina Mitchell's authority over Plaintiff as the Defendant's human resources director, he felt pressure, discomfort, and uncertainty as to how he should handle her conduct.

20. In September of 2017, Plaintiff made efforts to avoid Hasina Mitchell because her actions made him uncomfortable.

21. Shortly after Plaintiff took steps to separate himself from Hasina Mitchell

and her actions in September of 2017, she appointed him to a committee that required her to work with her one-on-one.

22.     In response to her perception of being spurned, Hasina Mitchell began to retaliate against Plaintiff when he sought to avoid her, as she began to use her authority as the human resources officer to confront Plaintiff regularly about petty or nonexistent problems with my work performance. Once such instance involved a lengthy, personal confrontation regarding Plaintiff's purchase of surplus lamps from Defendant even though this purchase was approved by other supervisors.

23.     During a meeting with Defendant's General Manager, Jim Braman, in late January of 2018, Plaintiff made a remark about Hasina's actions making him uncomfortable.

24.     Almost immediately afterwards, Plaintiff was issued a disciplinary letter during a meeting with Jim Braman and Hasina Mitchell.

25.     Plaintiff was told and believes that Jim Braman and Hasina Mitchell have a close working relationship in which they view one another as allies.

26.     Defendant then purported to hire a third-party to investigate the sexual harassment allegations.

27.     During this "investigation," the investigator suggested to Plaintiff, among other things, that Hasina Mitchell's slapping of Plaintiff's buttocks was harmless since football players do the same thing during games.

28.  The investigation concluded, and Defendant mailed Plaintiff a letter on March 8, 2018 stating that Plaintiff's allegations had no merit.

29.  On March 14, 2018, less than a week later, Plaintiff was terminated in a meeting with Hasina Mitchell and Jim Braman for ostensible budgetary reasons that objectively lack credibility.

30.  Plaintiff was actually terminated in retaliation for his reports of sexual harassment.

31.  Plaintiff raised his concerns about Hasina Mitchell's conduct with several of his managers prior to his discussion with Jim Braman, but they simply advised him to avoid Hasina Mitchell since she was "lonely" and had marital problems.

**IV. Exhaustion of Federal Administrative Remedies**

32.  Plaintiff filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on or about January 3, 2019.

33.  The Charge of Discrimination if attached hereto as Exhibit "1."

34.  The Equal Employment Opportunity Commission issued a Notice of Right to Sue letter which Plaintiff received on September 23, 2020.

35.  The Notice of Right to Sue is attached hereto as Exhibit "2."

## V.     Claims for Relief

### A.     Sexual Harassment - Hostile Work Environment

36.    The foregoing acts of Defendant were sufficiently severe and pervasive to alter the conditions of employment and create an abusive working environment for Plaintiff.

37.    The foregoing acts of Defendant interfered with Plaintiff's work performance, and they created a hostile, offensive, and intimidating working environment.

38.    Since at least April of 2017, Plaintiff was subjected to unlawful employment practices as a result of the hostile workplace that was fostered and tolerated by Defendant.

39.    The effect of the foregoing acts of Defendant was to deprive Plaintiff of employment conditions protected under Federal Law.

40.    The unlawful employment practices described above were intentional.

41.    The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

### B.     Sexual Harassment – Quid Pro Quo

42.    The foregoing acts of Defendant also amount to quid pro quo sexual harassment, as Defendant took adverse actions against Plaintiff in response to his efforts to deflect Hasina Mitchell's inappropriate conduct and advances.

43. The effect of Defendant's quid pro quo sexual harassment was to deprive Plaintiff of employment conditions protected under Federal Law.

44. The unlawful employment practices described above were intentional.

45. The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

### C. Retaliation

46. The foregoing acts of Defendant render it liable for unlawful retaliatory practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3, as Defendant was terminated in retaliation for reporting sexual harassment.

47. The effect of the foregoing retaliatory acts of Defendant was to deprive Plaintiff of employment conditions protected under Federal Law.

48. The unlawful retaliatory practices described above were intentional.

49. The unlawful retaliatory practices described above were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

### V.  Prayer for Relief

Wherefore, Plaintiff respectfully requests that this Court

a. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which retaliates against employees who complain about discrimination;

b. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who exercise their federally protected rights to complain about discrimination and which eradicate the effects of its past unlawful employment practices;

c. Order Defendant to make JARED RAYMOND whole by providing appropriate backpay with prejudgment interest and other affirmative and equitable relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, rightful-place reinstatement or front pay;

d. Order Defendant to make whole JARED RAYMOND by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to job search expenses and medical expenses;

e. Order Defendant to make whole JARED RAYMOND by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and humiliation;

f. Order Defendant to pay JARED RAYMOND punitive damages for its malicious and/or reckless conduct described above in amounts to be

determined at trial;

g.  Order Defendant to provide training to its officers, managers, and employees regarding discriminatory harassment and retaliation in the workplace;

h.  Grant such further relief as the Court deems necessary and proper in the public interest; and

g. Award costs and attorneys' fees.

Date: Lihue, Hawaii, December 15, 2020.

/s/ Matthew Mannisto
MATTHEW MANNISTO-10354
4265A Halenani Street
Tel: (808) 245-2891
Lihue, Hawa'i 96766
Matt@MannistoLaw.com
